## GORDON v UNION TRUST CO et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1237.   Decided April 9, 1934

Mattern & Sheridan, Dayton, for plaintiff.

·John W. Bricker, Attorney General, Columbus, H. A. Estabrook, Dayton, D. W. Iddings, Dayton, and Sidney Kusworm, Dayton, for defendant.

## OPINION

### By THE COURT

"The Declaration of Trust among other things provides that:

'First.   The trustee shall invest said fund in such investments, as are now or hereafter authorized as investments for fiduciaries or Trust Companies by the laws of the State of Ohio.

Second.   The trustee shall on January second and July first of each year, during the continuance of this trust, credit to said trust funds. as an addition thereto an amount equal to the interest at the rate of 4% per annum on the amount of the said funds, including credits theretofore made, but deducting from such addition all expenses of this trust, including taxes, if any.

Third.   The trustee shall retain as its own, in full of its compensation hereunder, all income from said funds, if any there be, over and above the credits provided for in Clause Second, as above set forth.'

The agreed statement of facts shows that:

'At all times from the time of the creation of the trust until the time that the Union Trust Company was taken over by the defendant, Ira J. Fulton, the moneys in the Commercial Department of said bank have exceeded the amount of this trust with interest accrued thereon. It is impossible, however, to trace the trust fund further than that the money was placed in the Commercial Department of the bank in the first instance and remained therein.'

The agreed statement of facts further shows that at the time Charles Kahn created the trust in 1919, the Trust Department of the bank placed the $1,000.00 paid to it by him in the Commercial Department of

the bank under an account entitled 'Uninvested Trust Funds', where it has remained ever since, having become commingled with the other moneys of said commercial department.

The record shows that at the time the bank was closed by the Superintendent of Banks for the purpose of liquidation, there were ample funds in the said 'Uninvested Trust Funds' account to pay not only the claim of plaintiff but all other trust deposits then being administered by the Trust Department of the Trust Company.

We cannot escape the conclusion but that this money was deposited as a trust fund upon the condition that the trustee should invest the same in the manner authorized by law for investments by fiduciaries or trust companies by the laws of Ohio.

We are of opinion that the trust company under §§710-164 and 710-165 GC is controlled by the terms set forth in the deed of trust; that the deed of trust defines the rights and duties of the respective parties. The plaintiff was not in charge of or responsible for the method of bookkeeping which may have been adopted by the trust company. We are of opinion that the plaintiff was entitled to rely upon the provisions of the trust deed and that under such trust deed, the deposit made by Charles Kahn was a special deposit made for a specific purpose and is entitled to preference over the general creditors of the Trust Company.".

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.